IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



**FREDDIE GILCHRIST,**

    **Plaintiff,**

v.                                                   CIVIL NO. 2:18-cv-338

**ANDREW SAUL,**[1]
*Acting Commissioner of Social Security,*

    **Defendant.**

## FINAL ORDER

This matter comes before the Court on the Report and Recommendation of the United States Magistrate Judge with respect to the parties' cross motions for summary judgment in the instant case. See ECF No. 19. For the reasons below, the Court hereby **ADOPTS** such Report and Recommendation, ECF No. 19; **DENIES** the plaintiff's motion for summary judgment, ECF No. 12; **GRANTS** the Commissioner's motion for summary judgment, ECF No. 16; and **AFFIRMS** the final decision of the Commissioner.

### I.    BACKGROUND

Freddie Gilchrist ("Plaintiff"), proceeding pro se, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1382(c)(3), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied Plaintiff's claims for disability insurance benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. ECF No. 3.

---

[1] Andrew Saul became the Acting Commissioner of the Social Security Administration on June 17, 2019, after the commencement of this lawsuit. Therefore, Andrew Saul (hereinafter, "Commissioner") has been substituted for Nancy A. Berryhill as defendant in this case. See Fed. R. Civ. P. 25(d).

1

On October 2, 2018, Plaintiff filed a Motion for Summary Judgment. ECF No. 12. On November 2, 2019, the Commissioner filed a Motion for Summary Judgment[2] and supporting memorandum, which also includes the Commissioner's response in opposition to Plaintiff's Motion. ECF Nos. 16, 17. On November 9, 2018, Plaintiff filed his response in opposition to the Commissioner's Motion. ECF No. 18. The parties' motions were then referred to United States Magistrate Judge Robert J. Krask pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b) for a report and recommendation. See ECF No. 10.

On July 10, 2019, Judge Krask filed his Report and Recommendation, which recommends that that the Court (1) deny Plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. ECF No. 19 at 27. By receiving a copy of this Report and Recommendation, each party was advised of the right to file written objections to specific findings or recommendations made by Judge Krask in the report and was further advised that the district court would conduct a de novo review of any portions of such report to which timely objection is made. Id. at 28. On July 19, 2019, Plaintiff filed a purported objection to the Report and Recommendation, ECF No. 20, and the Commissioner filed a brief response thereto, ECF No. 21. Plaintiff's purported objection is now before the Court.

## II. STANDARD OF REVIEW

After the magistrate judge's report and recommendation is filed with the Court, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see

---

[2] The docket entry for this motion notes that it is the corrected version of the Commissioner's Motion for Summary Judgment, a previous version of which was filed a day earlier on November 1, 2018 (see ECF No. 12).

Fed. R. Civ. P. 72(b)(3). Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

However, if a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16–CV–431, 2017 WL 4269969, at *7 (E.D. Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections . . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.") (internal citation omitted). If no proper objection is made, the district court need only review the report and recommendation for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III.  DISCUSSION

Plaintiff maintains that he became disabled in May 2014 due to injuries in his back, knees, and hips, and that he has been unable to work since that time. His summary judgment motion therefore seeks reversal of the June 21, 2017 decision of the Administrative Law Judge ("ALJ") denying him disability benefits.[3] However, Judge Krask found in his Report and Recommendation

---

[3] In his summary judgment motion, Plaintiff tried to submit certain medical reports that were generated after his administrative hearing in 2017 and therefore were not considered by the ALJ. Specifically, Plaintiff asked the Court to consider a January 2018 report from an orthopedic surgeon as well as x-rays taken in July 2018 and September 2018. However, Judge Krask found in his Report and Recommendation that such new evidence does not relate to the period before the date of the ALJ's decision and therefore cannot be the basis of a remand to the Social Security Administration for consideration of new material evidence. ECF No. 19. at 27 (citing 42 U.S.C. § 405(g) and 20 C.F.R. § 404.970(a)(5), (b)). Judge Krask further found that such new evidence cannot be considered on this appeal since it was not presented to the

3

that substantial evidence supports the ALJ's finding that Plaintiff is not disabled because (1) substantial evidence shows that that Plaintiff had a residual functional capacity for light work, and (2) substantial evidence shows that Plaintiff was capable of returning to his past relevant work as a customer service representative and a general inspector, both of which are classified as a light work. ECF No. 19. Judge Krask therefore recommends that the Commissioner's decision denying Plaintiff disability benefits be affirmed. Id.

In his purported objection to the Report and Recommendation, Plaintiff does not take issue with any specific findings or recommendations contained therein. Rather, Plaintiff claims that he "object[s] to the decision made by the Commissioner" and then restates the arguments he raised on summary judgment that (1) the ALJ's decision is not supported by substantial evidence, (2) that Plaintiff has been disabled since May 2014, and (3) that Plaintiff has been unable to work since that time. ECF No. 20. Plaintiff further claims that the Commissioner failed to "look[] at the full picture of [his] medical conditions, [which] are not going away and [are] getting worse[]." Id.

As set forth above, Plaintiff's rehashing of arguments that he raised on summary judgment does qualify as an objection for purposes of this Court's review. Nichols, 100 F. Supp. 3d at 497. Nor has Plaintiff identified any specific error in the Report and Recommendation to trigger such review. Therefore, the Court need only review the Report and Recommendation for clear error. Allen, 245 F. Supp. 2d at 788. After reviewing same, along with the files and record of this case, the Court **FINDS** no clear error in the Report and Recommendation.

IV. CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation, ECF No. 19; **DENIES** the plaintiff's motion for summary judgment, ECF No.

---

ALJ. Id. (citing Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996)).

4

12; **GRANTS** the Commissioner's motion for summary judgment, ECF No. 16; and **AFFIRMS** the final decision of the Commissioner.

The Clerk is **DIRECTED** to forward a copy of this Final Order to the plaintiff, Freddie Gilchrist, and to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
August 28, 2019